W. L. Hawk v. The State.

No. 2680.   Decided March 4, 1903.

**Local Option—Physician's Certificate—Construction of Statute.**

Article 405, Penal Code, which prohibits a practicing physician from giving a certificate for liquor, in a local option territory, to a person not actually sick, etc., does not apply in a case where a physician writes a prescription for himself.   It is not unlawful for anyone to write a prescription for himself.

Appeal from the County Court of Parker.   Tried below before Hon. D. M. Alexander, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement required.

*Martin & Martin,* for appellant.

*R. B. Hood,* County Attorney, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

The charging part of the information is as follows:   "That in Parker County in said State, on the 28th day of April, A. D. 1900, an election, in accordance with the laws of this State, was held under authority of an order of the commissioners court of said county theretofore duly made and published, to determine whether or not the sale of intoxicating liquors should be prohibited in Springtown school district number three (3) in said state and county, the metes and bounds of said district and subdivision being fully set out and described in the records of the Commissioners Court of Parker County, Texas, volume three (3), and beginning with the top of page 539; and the qualified voters at said election did then and there determine that the sale of intoxicating liquors should be prohibited in said district and subdivision of said county, and thereupon the commissioners court of said county did pass and publish an order declaring the result of said election, and prohibiting the sale of intoxicating liquors in said district and subdivision, and thereafter, to wit, on or about the 11th day of January, A. D. 1902,

one W. L. Hawk, late of said county and State, who was then and there a practicing physician, did unlawfully give a prescription to be used in obtaining intoxicating liquor in said district and subdivision to himself, the said W. L. Hawk, who was then and there not actually sick, and without a personal examination of himself, the said W. L. Hawk," etc.

Accused filed a motion to quash: "(1) Because the information does not charge the defendant with the violation of any penal law of the State. (2) It only charges defendant with having given a prescription to be used in obtaining intoxicating liquor in a school district subdivision of the county which had adopted local option, when the law only prohibits the giving of such prescriptions in counties, justice precincts, or incorporated cities. (3) Because said information shows the prescription was given by defendant to himself, which in law is not a violation."

Article 405, Penal Code 1901, provides: "If any person, who is not a regular practicing physician, shall give a prescription to be used in obtaining any intoxicating liquor in any county, justice precinct, city or town, in which the sale of intoxicating liquor has been prohibited under the laws of this State; or if any practicing physician who is directly or indirectly, either for himself or as the agent or employe of another interested in the sale of intoxicating liquor, shall give a prescription to be used in obtaining any intoxicating liquor in any such county, justice precinct, city or town; or if any physician should give a prescription to be used in obtaining any intoxicating liquor in such county, justice precinct, city or town, to anyone who is not actually sick, and without a personal examination of such person, he shall be punished," etc. We think it was the intention of the Legislature by this article to make it an offense to give a prescription to another party than the one writing the prescription, and that it does not cover the case at bar. In other words, it is not unlawful for anyone to write a prescription for himself. In this view of the case, it is not necessary to pass upon appellant's other grounds of objection.

For the error discussed, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution dismissed.*